Judge Brooke.
Upon an examination of the bill in r
this case, it appears to be a naked attempt to reverse, m the court of chancery, the decision of this court. It is not necessary to hunt up precedents to establish the position that a court of chancery cannot revise the decision of a court of law upon the same subject of controversy, where no circumstance is adduced to give that court jurisdiction. If it were, I could refer to the case of Morris v. Ross, in this court,(a) and the list of cases .... there cited. Where there is concurrent jurisdiction, and the court of law first gets possession of the subject, its decision is equally binding on a court oi' equity. This hill states expressly, that the same defence, now relied on, against the award, was made in the district court; that it was there overruled; and, upon an appeal to this court, the judgment of the district court was affirmed. As to the 37/. 7s. 9d. not included in the first award, the appellees have now credit for it on the execution. I am of opinion, therefore, that the decree be reversed, and the bill dismissed.
Judge Tucker.
The appellee, Halcomb, in his bill of injunction, states, that Flournoy having instituted a suit against him upon his bond for indemnification of Flournoy, as high sheriff of Prince Edward county, whose de» *35 putv the complainant was, a submission to arbitrators was made by rule of court; that they made their report accordingly, establishing a certain balance against him; “ that the said report being presented to the district court of Prince Edward (where the suit was depending) for confirmation, he, by his attorney, opposed the same, upon the facts which he now (in his bill) charges to be true, namely, first, the absence of a material witness, &c.; nevertheless, the district court confirmed the award of the arbitrators, although he offered to lay before the court documents and proofs to show great injustice, &c.; that he had hoped to obtain relief from this court; but no special entry having been made of the preceding facts, and the cause coming on to be heard on. the naked record, the court consisting only of four judges, they being equally divided, the judgment was thereby affirmed. The case thus referred to is reported at large in 2 Calf 433. from which it appears that the judges were not equally divided, but there was a majority of the court who concurred in affirming the judgment. The other grounds of complaint in the bill appear to be completely overturned by the answer, and other evidence in the record.
The question whether a party, who has been once fully heard in this court, in a case at law, shall be permitted to revise the judgment of this court by a resort to a court of equity, was so fully discussed and considered, both by the bar and the court, in the case of Morris & Overton v. Ross, (a) that I cannot suppose this court will hesitate to pronounce the same opinion on this occasion as on that. Independent of which, I should, on the merits alone, be of opinion that the chancellor’s decree be reversed, and the appellee’s bill dismissed with costs.
Judge Roane,
it is the unanimous opinion of the. court,(1) that the decree be reversed, and bill dismissed»

 2 H. & M. 408.

 2 H. & M. 498.

 Judge Fleming did not sit in this case.